Tins case came on to be heard upon the transcript of the record of the superior court of Cincinnati, at both general and special term, and was argued by counsel. On consideration whereof, this court is of opinion that the charge of the court to the jury at special term was erroneous and misleading in a number of respects:
1. In saying to the jury (page 110 printed record) that the driver “lit on the ground some 20 or 25 feet from where his wagon was struck,” the evidence being contradictory on that point.
2. In saying to the jury (page 111) that the speed of the car was estimated from 18 to 25 miles an hour, and assuming the speed to have been 25 miles an hour, the evidence being contradictory on that point, and the statement of the court, although referred to later, not being distinctly withdrawn, and the explanation as given at page 117 being itself misleading with respect to speed..
3. In charging unqualifiedly (page 116) that: “If you find that the accident was caused by the negligence of the street car motorman your verdict should be for the plaintiff.”
4. In charging unqualifiedly (page 117) that the question of contributory negligence “is not in issue in the case,” the answer having tendered the issue of plaintiff’s negligence, and the evidence at the trial being such as to make such negligence a question fairly to be considered by the jury.
*398 For which errors the judgment of the superior court at general term affirming the judgment of the said court at special term is hereby reversed, and proceeding to render the jug'dment that that court at general term ought to have rendered, the judgment of the special term is reversed for the foregoing errors and for overruling the motion of the defendant below for a new trial.
The court is further of opinion that the oral request of counsel for defendant below to charge with respect to negligence (page 117) should have been given as requested instead of as modified on the succeeding page, but as no exception was specifically made to this refusal the same is not made a ground of reversal.
It was also misleading- for the court to dwell upon the fact that the car was a freight car. Also misleading for the court to emphasize the fact (page 118) that the plaintiff was a colored man.
It is further considered and adjudged that the plaintiff in error recover of the defendant in error its costs in this court and in the superior court at general term, and that this cause be remanded to the superior court to carry this judgment into execution and for further proceedings according to law.
Summers, C. J., Crew, Spear, Davis, Shauck and Price, JJ., concur.